The next matter, No. 24-1827, Wen Juan Chan v. Pamela J. Bondi. At this time, would counsel for the petitioner please introduce himself on the record to begin? Good morning. May it please the Court, my name is Greg Romanofsky and I represent the petitioner, Ms. Chan. May I reserve two minutes for rebuttal? You may. Thank you. There has been a great deal of confusion in this case. The Board of Immigration Appeals' 2015 decision purported to affirm the ruling that the immigration judge had never made. And then in 2024, the Board of Immigration Appeals attempted to affirm what it believed was their own decision in 2015, except that it actually wasn't. And the 2024 decision is confusing, it is poorly articulated, and it contains this reference to a waiver of indivisibility, which only added to the confusion. If we excite all of that out, and the opinion seems to pretty clearly say we're not going to reopen sua sponte for someone who obtained the equities after the removal order eight years ago. If that's okay, a permissible thing for them to decide, then they say furthermore, and then it's the things you're talking about. Do we reach that? Or is the eight years plus what the thing came up after you were removed, is that enough to resolve this? And if not, why not? Thank you for your question, Judge Ephraim. I do not believe that this was the ruling, though. The ruling, and I have read this decision since it came out probably 100 times, and I still don't get a sense of what the board was actually trying to say. So the rationale is on the last page of the decision. And it's at the top seven lines and the bottom five lines. And the top seven lines do say that notably, USCIS did not approve the relative visa petition until nearly eight years after we entered an order. And then they cite some cases, one you rely on but two you don't. The two you don't say we don't grant this kind of extraordinary relief when the equities that favor this person arose after they have been ordered removed. And that is the situation here. So I'm wondering, isn't that the primary basis at least for the ruling that we're not going to reopen this? It doesn't look like it is, Your Honor. It says becoming, so they do say the eight years. They say notably the eight years. And again, as I argued in my brief, they don't really explain why the eight years that passed played a significant role. Finality would seem to be the reason. Eight years went by when this person has been under an order of removal. Somehow they're still here. And then the system through this process, which seems peculiar to me but that's a different thing, works such that they now have a possibility to get relief. And it seems like the board is saying we're not going to do that. Eight years have gone by since we ordered you removed and you're still here. And now this thing happens and now you're trying to take advantage of that and we're not going to permit that. That's not what they said, though. They said becoming, they explained and they said becoming potentially eligible for relief from rule years after a final order does not in itself constitute an exceptional situation. But it's not. Let's focus on my original question. I just want to get this clear. Let's say I'm right.  I'm right about that. Okay. But they say another thing. Furthermore, and then the thing you call word salad, which we're going to accept is word salad. Right. If that's right, is that a basis to remain? If I'm right that the first part says we're not going to do this for you after eight years, but here's another reason and that other reason is indefensible. What do we do in that situation? We, us, now. I do absolutely agree with your Honor that it is indefensible and that it is indefensible for a number of reasons. Let's focus on the last. But you're still not answering my question, which is do I care that it's indefensible if there's a defensible reason? That's my question. Absolutely, Your Honor, because the decision seems to rest on the indivisibility or waiver indivisibility language. And right after the Board says the evidence supporting the Respondent's motion does not impact our prior conclusion that she does not merit this waiver of indivisibility, they say we thus decline to exercise our discretion. This is the basis for the decision. We thus decline to exercise our discretion to reopen these proceedings to respond to. And there are several problems with this last paragraph, Your Honor. First of all, it says the evidence supporting the Respondent's motion does not impact our prior conclusion. And then in parentheses it cites Marino versus Garland and in parentheses says recognizing requirement that noncitizens show prima facie eligibility for relief. So the decision seems to suggest that whatever we submitted with the motion to reopen did not establish prima facie eligibility. I don't see any other way of reading this, Your Honor. That's number one. Number two, as we argued in our brief, they specifically mention tab G and they do not mention anything else, any other tabs that we submitted. And certainly more documentation than contained in tab G was relevant for the motion to reopen. And again, to go back to the Contreras discussion that this Court had earlier, they clearly ignored everything else. There's reason to believe that they ignored. It's not, there's nothing that suggests that they reviewed everything else. Let me circle back and you've already sort of addressed this at least peripherally. As to your client being prima facie eligible for relief, does that matter in our analysis when the regulation gives the BIA the discretion to deny a sua sponte motion to reopen even when a petitioner is prima facie eligible? If the Board's decision had been accurate in the, both in the facts and in the legal arguments, if the BIA had said we exercise our discretion, even though the petitioner is prima facie eligible, we still exercise our discretion not to reopen sua sponte, we would have had a much more difficult challenge in front of us, Your Honor. Because it is indisputable that the BIA does have a lot of discretion with these motions to reopen, but they do not have discretion to violate the law. They have to, first of all, they have to articulate their reasoning clearly so that the Court can understand what they actually meant and not try to decipher what they actually meant by this waiver and indivisibility. And they also have to rely on factors that appropriately bear on the decision. We respectfully suggest that what the BIA did in this case, there's this general motif, you know, we already told you once and you're still coming back to us. It's years from the last decision and we're going to say no again. Whatever you submitted is not going to change our mind. But I suggest that they took a shortcut. They had to analyze the evidence that we submitted. They had to analyze it against the previous, against the record, against the proper standard of review, and they didn't do so in this case. They took a shortcut. Judge Lopez, do you have any questions? No questions. Thank you. Thank you. Thank you, counsel. At this time, would counsel for the government please introduce themselves on the record if you can. Good morning, Your Honors. May it please the Court, Rob Stolzer on behalf of the AG. Your Honors, the question here is a narrow one. Did the Board, when exercising its unreviewable discretion to decide that this case wasn't so exceptional that it warranted reopening, make a legal error? And it didn't. The underlying Board decision here is simply that becoming eligible for relief years after a final order of removal is not an exceptional circumstance. And nothing that came after that observation by the Board changes that. That's always going to be true, regardless whether the petitioner was prima facie eligible for relief or not, although the Board then did go on to say, and by the way, we would still find you ineligible for adjustment of status. Let me ask you this. Assuming the petitioner is prima facie eligible for relief, couldn't we view the Board saying that she was possibly eligible for relief or possibly prima facie eligible for relief instead of prima facie eligible, that that was a legal error? I'm not sure I understand the question. The language the Board uses in terms of the prima facie eligibility, they don't just flat out say it. They say she's possibly. But if she was prima facie eligible, couldn't the Board have granted the motion even though she wasn't required to? I guess I'm making a distinction with the language that the Board uses. I'm worried about the possibility. When the Board says that becoming potentially eligible for relief is not an exceptional circumstance, I think that almost encompasses the prima facie question, even though they do go on later to say also we would deny it anyway. I guess I have a problem, and this is a favorable question to you, but we're taking that from a parenthetical string site where they're describing another case where that person over there was potentially eligible, and it seems like they're just making a broader point that these late things years later when the case is final and then you're still here for some reason and you're able to get something, that we're just not going to reopen in those circumstances. And I guess I'm wondering, is this really about prima facie versus potential or just the thing happened way too late in the day? I think when the Board is referring to all these things, including the particulars of Petitioner's own case, they're indicating to us that they have seen the evidence and they have fully considered it. I think, for example, if the Board had simply said in a one-line sentence, becoming potentially eligible for relief years later is not enough to qualify for an exceptional circumstance, denied. Without referencing Petitioner at all, I wonder if we would say, did they write enough? And here they let us know that they actually know what's going on. They know that she has a new approved visa. They know that this is eight years after her prior decision. They've indicated to us that they have read the evidence and considered it and still denied it as a matter of their discretion. And we know it's discretionary because they didn't make a legal conclusion. They didn't say, oh, you're not eligible for adjustment because you don't meet the elements. That's a legal error. Here they're saying, we're not granting this because we have decided this isn't an exceptional circumstance. And that's the unreviewable decision that this Court has pointed out. If the lawyers of law require them, they do make this argument that didn't really come up in theirs. But they say, all right, and there's another case. To exercise a discretion, is it legally required to do some kind of balancing of the equities? Not in this circumstance, Your Honor. And why is that? Because in some it is, and you're going to tell me in this one it's not. It's not because we have Board precedent specifically on it. Actually, more importantly, this Court has said there isn't a standard. That's why these decisions are unreviewable. But those other ones are ultimately, right, things that could be unreviewable if it's an exercise in discretion. But to get to that, there's the predicate legal question of, did you analyze the hardships that could arise? And I guess I'm not – there may be Board precedent. I accept that for this discussion. But why, at the end of the day, it still might be discretionary. But the idea would be you can't legally exercise that discretion, which you have, until you do a thing, which is to balance the equities in the situation. There is no requirement in the context of a motion to reopen sua sponte that they do balancing of the equities. And that's because the Board has said so. And that's what the Board has said. And that's also, tagging onto that, why all of the courts have said – the circuit courts have said that's an unreviewable determination. That's why we say the Court lacks jurisdiction here. We're not asking you to deny this petition for review. We're asking you to dismiss it because you lack jurisdiction. But am I not – analytically, if that were a legal problem, you are required, before exercising your discretion, which is broad and, you know, to do this procedure, that would be a legal question, right? It would be a legal question to the extent – well, like I said, it's a very limited jurisdictional question here, Your Honor. We're not under abuse of discretion here. We're looking for a legal error underlying the Board's discretion. The legal error would be you did not balance the equities. It's not required. And it's not required under the circumstance. That's what the Board's precedent has said, and that's what all of the circuits have agreed. And what about my question earlier? So this last sentence, if I – the next to last sentence, which uses the word indivisibility instead of inadmissibility, converges adjustment of status with waiver of inadmissibility, talks about discretionary factors, if that is just wrong, that's not an exercise of discretion, assuming it's wrong, just for the moment, just assume it's wrong, does it matter here because there might have been a different ground or a primary ground or whatever that was right? I don't think it would matter, Your Honor, because the underlying decision is that this came too late, that because the new visa came years after her prior administratively final removal order, it wasn't an exceptional circumstance. So whether the Board was incorrect as to whether there was a waiver of indivisibility, which I don't think is a thing, but going with the hypo. So that means inadmissibility. Yeah, going with the hypo. I'm persuaded by the typo. Right. But the discretion part, that had never been adjustment of status, whichever one, had never been – I think adjustment of status had never been decided before by anyone, as I understand it, as a discretionary ground. That didn't exist in any of the prior cases. Our First Circuit footnote three said that, and it seems to be appearing here again. And so if that wrongness infected part of this, is that – one, is that a legal problem? And two, is there some harmlessness aspect of that? I don't know that it's – I don't think it's a legal problem. Well, first of all, forgive me, I do have to disagree. The Board made an explicit finding that as a matter of discretion, it would deny adjustment of status. The second one was in its original decision, it said that. And I know in the court in the footnote said, it seems that the Board was misunderstood at the immigration judge, and I think in footnote three, which you mentioned, they said that was at most harmless error. In any case, it's not going to change the bottom line here, which is that becoming eligible or potentially eligible for this relief so many years after your final order doesn't constitute an exceptional circumstance. So I don't think that sentence provides any basis to remand, because the Board is simply going to say, again, becoming eligible for relief years after your final order of removal does not provide an exceptional circumstance. But if – I guess in these, like, very discretionary things, if the Board says a thing that's supportable and a thing that's sort of – let's just assume right now is just inaccurate as a matter of – then you have two things there. And we don't know, it seems to me, whether the Board would have exercised its discretion in the same way if the second thing were corrected. Because the second thing doesn't affect the first thing, I think, Your Honor. Whether or not there was a prior denial. But how do we know they're independent reasons as opposed to merged reasons that is why then I'm exercising my discretion? I would simply say because that's what the Board said. I mean, it literally said – and there's no real wiggle room there. Becoming potentially eligible for relief years after isn't – I mean, that's it. And they did go on to talk about some other aspects of the case, but that doesn't affect that key holding, and that is unreviewable. That's the holding that deprives the court of jurisdiction here. Do you agree here as a matter of law that she is prima facie eligible? No. For the reasons stated by the Board, they would deny as a matter of discretion. I think she has a lot of – I mean, obviously, she has the approved visa. But the Board is saying, look, even though you have an approved visa and we know you have an approved visa, we would still deny this because we've looked at your evidence you offered and we don't find it to be sufficient to overcome our prior denial as a matter of discretion. This is just a question I have that I think is not relevant, but I'm confused about it. So she gets a visa that is predicated on a marriage that was already determined to be a sham, and then the son who's her son, but the stepfather of the marriage is determined to be a sham, and then they're able to leverage that to get the visa for her? That's what's happening here? Yes, Your Honor. For reasons that aren't apparent from the record, and I looked – I know the court looked the last time this was here in 2016. We don't know why the son got his adjustment and then he later got his citizenship. He's now petitioning, and he got his adjustment status because of the prior sham marriage. I don't know how that happened, Your Honor. It's not in the record. And then why does the removal take eight years? How does that happen? I don't know that either, Your Honor. That's part of the Homeland Security's discretion. All right. Judge Lopez, do you have any questions? No questions. Thank you, Your Honors. Thank you, counsel. At this time, would counsel for the petitioner please reintroduce himself on the record? He has a two-minute rebuttal. Thank you. Greg Romanofsky for the respondent. If I may clarify the procedural posture in response to Judge O'Frank's question. So the I-130 petition, this is the immigrant visa petition that my client's son filed on her behalf, was approved by the Department of Homeland Security in 2023, and they were specifically prohibited by law to approve it if they thought that the underlying marriage had been fraudulent. So the Department of Homeland Security approved the initial I-130 petition filed by the late husband and then, in 2023, stood by their initial determination that the marriage was bona fide. DHS continues to maintain that the marriage is bona fide. So you just have basically two elements of the government, the Department of Justice under which the Immigration Court exists, the Department of Homeland Security under which USCIS exists, and they can just come up with different conclusions. But at this moment here, they kind of intersect because you have a removal order that has to be gotten rid of if you're going to get this visa. Yes, but it is important to note that the decision to approve or deny an I-130 petition rests with the Department of Homeland Security. That's their prerogative, and they had examined the marriage, and they continue to stand by their determination that the marriage is bona fide. And just recently, when the Department of Homeland Security opposed our motion to reopen that we filed to the VIA, the Department of Homeland Security acknowledged the prima facie eligibility and gave yet another reason why the motion should be denied. Very briefly, if I want to mention the word potentially again in the BIA's decision, I don't think we should be reading it out of the decision. The BIA says becoming potentially eligible for relief from removal, and then they cite this case of matter of Yahouri, and there the person was potentially eligible, and the immigration judge had no jurisdiction to rule. But it is potentially eligible for relief from removal. She's not entitled to relief from removal. She's entitled to an I-30 whatever happened here, but she's got to get this thing removed. This removal order has to be vitiated for her to stay. That is correct. And that's what that sentence says. Well, potentially, I respectfully disagree, Your Honor. Potentially means that at some point you may come to us with something that would allow you to reopen your case. At this particular juncture, Ms. Chan is prima facie eligible. So she is not potentially eligible. She is prima facie eligible because she has an approved I-130 petition. And the government is saying, no, she's not prima facie eligible because we would have denied this as a matter of discretion anyway, but this is a circular argument. Prima facie eligibility has nothing to do with the government's subsequent determination whether she warrants relief as a matter of discretion. If she reached, if they granted the motion to reopen, and we went back to have a hearing on should we get rid of the removal order, would they again be litigating the status of this marriage and its bona fides to determine what should happen? Well, I hope since the Department of Homeland Security continues to stand by their determination. But the Department of Justice has reached a different conclusion. So what would have happened? I just want to know what would have happened next if this had been granted? I'm trying to figure out what that sentence means. Would there have been a litigation potentially again about the bona fides of her marriage because the Department of Justice controls this removal order? If the BIA were to reopen the case, the case would go back to the immigration court, and an immigration judge would look again at the marriage and at whether my client is admissible otherwise, including the determination as to the crime involving moral turpitude. Thank you. Thank you. Thank you, counsel. That concludes argument in this case.